# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 06-0284 LJO |
| Plaintiff, | **ORDER ON MOTIONS TO REDUCE SENTENCE** |
| vs. | (Docs. 233, 238, 244.) |
| WALTER ORR, | |
| Defendants. | |

## INTRODUCTION

Defendant Walter Orr ("defendant") seeks to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") based on retroactive application of a recent amendment to the U.S. Sentencing Guidelines ("USSG") to reduce sentences for cocaine base ("crack") offenses. The United States of America ("Government") responds that the USSG amendment is inapplicable to defendant because defendant's sentence was not based on crack. This Court considered defendant's sentence reduction motion on the record and DENIES defendant a sentence reduction and related relief in that defendant is ineligible for section 3582(c)(2) relief.

## BACKGROUND

Defendant entered into a March 19, 2007 plea agreement to plead guilty to conspiracy to distribute, and possess with the intent to distribute, cocaine and crack. In his plea agreement, defendant admitted that "the conspiracy involved five kilograms or more of cocaine" and stipulated that "the drug quantity attributable to defendant Orr is a minimum of six kilograms of a mixture or substance containing

cocaine." The plea agreement's factual basis noted: "Defendant Orr's actions in the course of the conspiracy involved a minimum of six kilograms of cocaine."

The presentence report calculated defendant's sentence based on six kilograms of cocaine, not crack. Pursuant to USSG § 2D1.1(c)(4), defendant's base offense level is 32 because the offense to which defendant pled involved at least five kilograms but less than 15 kilograms of cocaine. The former district judge sentenced defendant to 120 months, pursuant to the statutory mandatory minimum term for offenses involving no less than five kilograms of cocaine.

## **DISCUSSION**

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). Section 3582(c)(2) creates an exception to modify a prison term if: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009) (quoting section 3582(c)(2)).

USSG § 1B1.10 addresses prison term reduction as a result of an amended guideline range and excludes a reduction under section 3582(c)(2) if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

Defendant relies on Part A of Amendment 750, which altered offense levels in USSG § 2D1.1 applicable to crack cocaine offenses and which the Sentencing Commission added to USSG § 1B1.10(c) as a retroactive amendment. The Sentencing Commission lowered such offense levels under the Fair Sentencing Act of 2010, which changed the threshold quantities of crack cocaine to trigger mandatory sentences under 21 U.S.C. § 841(b).

The Government correctly notes that defendant's sentence did not involve crack and was not pursuant to portions of USSG § 2D1.1 altered by Amendment 750. In the absence of a change to applicable cocaine guidelines, a sentence reduction would be inconsistent with applicable policy statements issued by the Sentencing Commission. Amendment 750 and all other amendments listed in USSG § 1B1.10(c) are inapplicable to defendant. Defendant is not eligible for a sentence reduction in that his applicable guideline range remains unchanged.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant a sentence reduction and related relief.

IT IS SO ORDERED.

**Dated:**   **November 16, 2011**            /s/ Lawrence J. O'Neill
                                                       UNITED STATES DISTRICT JUDGE